AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District: RHODE ISLAND | |
|---|---|---|
| Name of Movant: Hector R. Martinez-Torres | Prisoner No. 05382-070 | Case No. 03-119-01-ECT |
| Place of Confinement: Federal Correctional Institution at (P.O. Box 1000) Otisville in New York 10963 | | |

CA 05 108 T

UNITED STATES OF AMERICA V. Hector R. Martinez-Torres
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack Hon. Ernest C. Torres, Chief U.S. District Judge, One Exchange Terrace, Providence-Rhode Island 02903

2. Date of judgment of conviction September 17, 2004

3. Length of sentence 262-month sentence

4. Nature of offense involved (all counts) Ct. 1, Conspiracy to possess w/intent to distribute and distribute 50 gr. or more of cocaine base and heroin; Cts. 2-4, Distribution of 5 gr. or more of cocaine base; Ct. 5, Distribution of heroin.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒



(1)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court ______

(b) Result ______

(c) Date of result ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a)(1) Name of court ______

(2) Nature of proceeding ______

______

(3) Grounds raised ______

______

______

______

______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(b) As to any second petition, application or motion give the same information:

(1) Name of court ______

(2) Nature of proceeding ______

______

(3) Grounds raised ______

______

______

______

______

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

______

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Sentence in violation of the Sexth Amendment

Supporting FACTS (state *briefly* without citing cases or law) The instant sentence is based on career offender level 37, which is in excess of the statutory maximum that should have been established upon facts admitted by the movant, as is explained in attached affidavit included hereto as factual support.

B. Ground two: Denial of effective assistance of attorney

Supporting FACTS (state *briefly* without citing cases or law): Although the attorney challenged PSR ¶26, his challenge fell short because he did not challenge material info from the PSR; preventing himself from arguing during sentence a Blakely issue. See enclosed affidavit as part of this issue.

C. Ground three: Attorney's lack of investigation in detriment of Movant's Fifth and Sixth Amendments rights

Supporting FACTS (state *briefly* without citing cases or law): Attorney's failure to investigate, as indicated in attached affidavit, suppressed mitigating info to seek downward departure.
In violation of due process of law and effective assistance of attorney.

AO 243 (Rev. 5/85)

Information concerning movant's mental and emotional health can be obtained from Dr. Martin reachable at (845) 386-5855.

D. Ground four: Denial of right to appeal

Supporting FACTS (state *briefly* without citing cases or law): Attorney's ineffective assistance during pre sentence and sentence stage prevented preservation of issues for appeal in violation of the First and Sixth Amendment rights. See attached affidavit included hereto as part of this issue.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

All issues above were not presented before because the failure of the attorney in foreseeing the issues.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing

(b) At arraignment and plea Attorney Edward j. McEnaney III at 414 Broadway, Providence, Rhode Island 02909 / (401) 751-3900

(c) At trial

(d) At sentencing Same as at (b).

AO 243 (Rev. 5/85)

(e) On appeal ______________________

(f) In any post-conviction proceeding ______________________

(g) On appeal from any adverse ruling in a post-conviction proceeding ______________________

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ______________________

(b) Give date and length of the above sentence: ______________________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Hector R Martinez T

HECTOR R. MARTINEZ-TORRES

STATE OF NEW YORK
: SS
COUNTY OF ORANGE

HECTOR R. MARTINEZ-TORRES appeared before me and sworn and signed to the veracity of above submitte issues in this motion.

22 February 2005
(date)

Julie Ternus

NOTARY PUBLIC

JULIE A. TERNUS
Notary Public, State of New York
No. 01TI6100268
Qualified in Orange County
Commission Expires Oct. 14, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Hector R. Martinez-Torres

v Civil No.

United States of America.

Hector R. Martinez-Torres' Affidavit

I, Hector R. Martinez-Torres the movant in above captioned action, in support of my 2255 motion say:

I had retained Attorney Edward J. McEnaney III to represent me in the criminal case United States v Hector R. Martinez-Torres, No. 03-119-01-ECT. Wherein, under his advice, I pled guilty pursuant to a plea agreement.

However, I believe the attorney was ineffective during the sentence stage:

a) He did not object to inaccuracies of the pre-sentence report (PSR).

1. He did not object the career offender level 37 (PSR ¶22) based on a life-sentence statutory maximum. Since under Blakely v Washington, 124 SC 2531, 2537 (2004), it was defined "Statutory Maximum" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or **admitted by the defendant.**" (emphasis added). Hence, in my case in light of offense level 32 (PSR ¶15) criminal history category (CHC) III (PSR ¶31- also see infra at 2.) the offense statutory maximum

should have been 188-month sentence. Which represents career offender level 29 (15 years of more, but less than 20 years).

However, career offender level 29 under guideline §3E1.1 is decreased to level 26 that under CHC "VI" represents 120-150 month sentence-range. Consequently I should have been sentenced to 150-month sentence, because the level 32 of instant offense reduced by guideline §3E1.1 would have been level 29, with CHC "III" (see the reason why at infra 2.) that represents a 108-135 month sentence-range.

2. He did not object, under Blakely, the impermissible three (3) points enhancement on the criminal history (PSR ¶31).

3. He did not object the misstatement on PSR ¶47 "he has never felt suicidal," because I indicated the attorney that I told the probation officer "I had felt suicidal."

b) During the sentence hearing:

1. The attorney did not consider the teaching of Blakely at the time of challenging the career offender enhancement.

2. The attorney failed to (A) investigate and to present mitigating evidence of my depression and psychosis; and (B) neither gathered info to demonstrate the physical and mental abuse I had suffered when I was a child.

c) Lack of notice of apeal

The attorney did not preserve any issue for appeal as consequence of his failure to challenge the sentence and/or to submit mitigating evidence for downward departure, denying me in

this way the right to apppeal.

Basically, I consider that I am serving a harsher sentence than the sentence I should be serving because of above reasons.

HECTOR R. MARTINEZ-TORRES #05382-070

STATE OF NEW YORK
: SS
COUNTY OF ORANGE

HECTOR R. MARTINEZ-TORRES apeared before me on this 22 th day of February of 2005, and sworn and signed to the veracity of this affidavit.

NOTARY PUBLIC

JULIE A. TIMINS
Notary Public, State of New York
No. 01TI6100268
Qualified in Orange County
Commission Expires Oct. 14, 2007