UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HECTOR MARTINEZ-TORRES )
)
VS. ) C.A. No: 05-108-T
)
UNITED STATES OF AMERICA )

**UNITED STATES' SECOND OBJECTION TO THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Now comes the United States and hereby objects to the defendant's Motion to Vacate, Set Aside, or Correct Sentence for the reasons stated in the attached memorandum of law.

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2005, I caused to be sent via first class regular mail a true copy of the within United States Second Objection to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Hector Martinez-Torres
Prisoner Number 05382
P.O. Box 1000
FCI Otisville
Otisville, NY 10963

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HECTOR MARTINEZ-TORRES )
)
VS. ) C.A. No: 05-108-T
)
UNITED STATES OF AMERICA )

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS SECOND OBJECTION TO THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

In its original objection, the Government cited to a hearing dated September 17, 2004, a transcript of which was not available prior to the date for filing a response to the defendant's motion. See Government's Original Objection at p.7, footnote 3. The transcript is attached as Exhibit A. Specifically, the United States calls the Court's attention to pages 6 through 7, where the defendant admits that the 2 Armed-Career Criminal qualifying convictions are his and he does not dispute that fact.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2005, I caused to be sent via first class regular mail a true copy of the within United States Second Objection to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Hector Martinez-Torres
Prisoner Number 05382
P.O. Box 1000
FCI Otisville
Otisville, NY 10963

Lidana M. Steele

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * *

UNITED STATES OF AMERICA * C.R. 03-119T

VS. * SEPTEMBER 17, 2004

HECTOR R. MARTINEZ-TORRES, a/k/a Canales *

* 10:00 A.M.

* * * * * * * * * * * * * * * * PROVIDENCE, RI

BEFORE THE HONORABLE ERNEST C. TORRES

CHIEF DISTRICT JUDGE

**(SETENCING)**

APPEARANCES:

FOR THE GOVERNMENT: U.S. Attorney's Office
By: Richard W. Rose, Esquire
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT: Joseph J. Voccola & Associates
By: Edward J. McEnaney, III, Esq.
454 Broadway
Providence, RI 02909

Court Reporter: Angela M. Reynolds, RPR-FCRR
One Exchange Terrace
Providence, RI 02903

Court Interpreter Present

**17 SEPTEMBER 2004 - 11:00 A.M.**

THE COURT: Good morning.

THE CLERK: This is criminal action 03-119T, United States of America versus Hector Martinez-Torres.

THE COURT: This case is here for sentencing, Mr. Martinez having previously pled guilty to one count of conspiring to possess more than 50 grams of cocaine base and heroin with intent to distribute, three counts of distributing 5 grams or more of cocaine base, and one count of distributing heroin.

Mr. McEnaney and Mr. Martinez, have you both had an opportunity to review and discuss the presentence report?

MR. McENANEY: We have, your Honor. Actually, there was an initial presentence report prepared on August 13 from which I had several objections. I received another report just yesterday dated September 15, and I'm in receipt of that. I had a chance to briefly go over with Mr. Torres, and there have been corrections made in that report from that, of the August 13 report; namely, certain convictions that were included in the August 13 report are now excluded as a result of, I guess a further BCI check by Ms. Mattias of the probation unit and the fact that certain of these convictions were actually the brother of the

defendant.

THE COURT: Before you get to those points, Mr. McEnaney, I just want to confirm that you and Mr. Martinez have had an opportunity to review and discuss the report? And in light of what you've said, I'm referring to the report of September 15, apparently the modified or amended report?

MR. McENANEY: Yes, your Honor.

THE COURT: Is that correct, Mr. Martinez?

THE DEFENDANT: No.

THE COURT: You have not had a chance to discuss the report with Mr. McEnaney?

THE DEFENDANT: Yes, I'm telling you that -- I'm telling my attorney that this BCI that the lady prepared, they are cases that are not mine, they are my brother's, so I'm not in agreement with what's going on here.

I'm a person who accepts responsibility for what I have done but not for what is not true, so I don't agree with the report prepared by the lady, because here, if you -- I want to show you, your Honor --

THE INTERPRETER: He's speaking English, sir.

THE DEFENDANT: 2/8/95 I was in jail. So here I'm being accused of --

(INTERPRETER AND DEFENDANT SPEAKING TOGETHER)

THE COURT: Just a minute, you can't both speak at the same time because the reporter can't hear.

THE DEFENDANT: I'm sorry, sir.

THE COURT: Let me stop you one moment, Mr. Martinez. I don't know if you heard what Mr. McEnaney said earlier or if you are talking about some things in addition to what he said. But he stated a few moments ago that when the report was first filed that he objected to some of the convictions that were attributed to you, that they didn't belong in there because you were not the person who was convicted, and some of those convictions were eliminated as a result of Mr. McEnaney's objection. So what I'm asking you now is in addition to the convictions that already have been eliminated, are there other convictions that you think should have been eliminated?

THE DEFENDANT: Yes, that's right.

THE COURT: Now, the -- we'll get to that in a moment -- but the first question I need to ask is not whether you agree with the report, but, rather, whether you have had an opportunity to discuss the report with Mr. McEnaney and to express to him what objections you may have to the report.

THE DEFENDANT: I haven't spoken to my attorney.

THE COURT: When is the last time you spoke to

Mr. McEnaney?

THE DEFENDANT: The day this report was given to me, the first one. Then I haven't spoken to him again.

THE COURT: Mr. McEnaney?

MR. McENANEY: Your Honor, I have not been to the prison to see him since the first report came in. I just received the second report yesterday and did go over with him briefly this morning, stating that it was the same report, except for the extraction of those convictions that we had contested earlier, although they are appearing in his -- in the part of the report that's simply entitled -- excuse me -- "other criminal conduct." And I believe Mr. Martinez has a problem with those appearing on the report at all, even though they are not computed in the criminal history computation nor in adult criminal convictions. They are appearing in the report, but not in the part of the report that is involved in the criminal history computation as in the previous report.

THE COURT: Are you referring to the convictions or the offenses that are referred to in Paragraph 34 and 36 of the September 15 report?

MR. McENANEY: Actually, your Honor, I believe Mr. Martinez takes objection to Item Number 30, 31, 32, 34, and 36.

THE COURT: Is that correct, Mr. Martinez?

THE DEFENDANT: Yes, sir.

THE COURT: Well, let me just say that none of these offenses would enter into the Court's determination in any way. They don't affect the calculation of your guideline range because there were no criminal history points assessed with respect to any of those matters, and the Court would not consider them in any event for a number of reasons. One is that many of them do not state any disposition, they don't say that you were convicted of any of these offenses and that's why they're not taken into account in calculating your guideline range, and the second reason is that the guideline range in your case is so high that the Court doesn't feel that it should be increased any further by considering those things. So what I'm telling you is that the -- it doesn't make any difference, that they're not going to affect your sentence in any way.

THE DEFENDANT: Yes, but what I object to is they want to give me career criminal.

THE COURT: Well, that has nothing to do with your classification as a career criminal. Your classification as a career offender is based on the offenses referred to in Paragraphs 26 and 27. Those

were -- in Paragraph 26 refers to an arrest on February 8, 1995 regarding some controlled substance offenses and some firearm offenses and a conviction on May 24 of 1995. Paragraph 27 refers to an offense for which you were arrested on April 13, of 1999, again for manufacture and delivery of controlled substances, and you were sentenced for that on April 25th of 1999.

Now, do you dispute those convictions?

THE DEFENDANT: Well, the 1999 is me, sir, 1999 in Newport, Rhode Island -- in '99, that's me.

In Paragraph 26, that's me. And that's all -- that's all I have is two previous ones and this one.

THE COURT: Well, but that means that you're a career offender because a career offender is one who has been previously convicted for two serious crimes, including controlled substance offenses. So that's why you are a career offender.

THE DEFENDANT: Tell him I spoke to my attorney, we're going to trial.

THE COURT: Well, you may not have that option. In other words, you want to withdraw your plea and go to trial; is that correct?

THE DEFENDANT: Well, I'm being judged incorrectly. I want to go to trial.

THE COURT: Okay, well, what you need to do,

then, and I'll give you an opportunity to do this, you can, through your attorney, file a motion for permission to withdraw your plea. And you'll have to show some reason why you ought to be permitted to do that. I believe I told you at the time that your plea was accepted that you couldn't later change your mind and withdraw the plea unless the Court allowed you to do that. So you're going to have to present some reason why you should be allowed to withdraw the plea and I'll give you a time to talk to Mr. McEnaney and explain to him what the reason is that you would like to present to the Court, and I will rule on that when the reason is presented.

MR. McENANEY: Your Honor, thank you. If I can speak for a moment, please.

I understand Mr. Martinez's difficulty with understanding how the revised presentence report did not affect the sentencing recommendation. When he reviewed the August 13 report, he became very animated because certain things appeared that were not him, and he felt that obviously that would affect the sentencing in a negative way. After I explained to him this morning that those convictions had been removed from the computation, I think he believed it would have an effect, that the low end of the sentencing guideline

would be something less than 262 months. I think it's a lot for any man, and Mr. Martinez is probably someone I would say who is a good man who did bad things, very likable person, very respectable person; anybody being told that they are looking at the low end sentencing, 21 years, 10 months to serve, being a parent, being a family man is overwhelming, especially in light of the fact that 3 or 4 convictions that were computed in the previous presentence report had been removed and still renders a lower guideline range of 262 months. I think he's overwhelmed by that fact, your Honor.

THE COURT: Well, I've tried to explain the situation to Mr. Martinez, and I think -- I hope he understands that the offenses that were attributed to him that he says were not, that he was not involved in, do not play any role in the calculation of his guideline range. I hope he understands that now. And I think probably the root of the problem is that when he saw those in the initial report, he thought that's why his sentence was so high and now finds out that even though they've been eliminated it doesn't change the sentence.

MR. McENANEY: That's correct, Judge.

THE COURT: But I'll leave that for you to discuss with Mr. Martinez, and if he wishes to move to

vacate his plea and go to trial, you can file that motion, and I'll hear the motion, and we'll decide it based on what's presented to the Court. We need to set a time limit, a time for filing that motion. That motion ought to be filed within two weeks.

Mr. Rose, do you have anything to say on this?

MR. ROSE: No, your Honor, just an opportunity to respond when the motion is filed, of course.

MR. McENANEY: Your Honor, I would just ask if you could inform Mr. Martinez of the, for lack of a better term, the downside of going to trial of what the high end of the sentencing guidelines could be if he's convicted after trial.

THE COURT: Well, that's up to you to tell him that, Mr. McEnaney. I think I told him at the time the plea was entered what the statutory maximums were, but as far as what the guideline range would be if he didn't get credit for acceptance of responsibility or whatever, that's really not something I want to get in to.

So the defendant may have two weeks in which to file a motion to vacate his plea and depending on what action the Court takes on that motion, we will either place the matter down for trial or we'll reschedule the matter for sentencing, and if it's the latter, I want

to be sure, Mr. McEnaney, that you have talked with Mr. Martinez about the report. Whether he agrees with the report or not is another matter, but I want to at least make sure that you have talked with him about the report, the September 15 report before that time frame.

MR. McENANEY: No, problem, your Honor, I would just ask that Mr. Martinez not be penalized if he decides to withdraw his plea, that he not be penalized for any delay to the Court as a result of today's proceeding.

THE COURT: Penalized by the Court?

MR. McENANEY: Yes.

THE COURT: I don't see any -- I'm not sure what you're saying. If you're saying does the Court generally penalize somebody, the answer is definitely no. And I have no indication that this is a ploy by Mr. Martinez to delay things, I don't know if Mr. Rose has any information that he is going to present along those lines, but absolutely not, this is a very serious event in Mr. Martinez's life and I want to be sure that he is given every opportunity to have this matter fairly decided.

MR. McENANEY: Thank you, your Honor.

THE COURT: Court will be in recess.

(ADJOURNED)

C E R T I F I C A T I O N

I, Angela M. Reynolds, RPR-FCRR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Angela M. Reynolds, RPR-FCRR

4-28-05

Date: