UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Hector R. Martinez-Torres, C.A. No. 05-108-T

V

United States of America. November 18, 2005

Movant's Traverse

Hector Martinez-Torres ("movant") hereby traverses the United States' ("government") objection to his submitted 2255 motion.

Career Offender Status

The government claims that the movant challenge concerning the career offender enhancement upon his sentence is defaulted, since it was not raised on direct appeal. However, the government overlooked that the 2255 motion ground four: "denial of right to appeal" bars its default claim. Because "cause and prejudice" standard and waiver does not apply, in light of the movant is claiming that the counsel was ineffective for not objecting to the miscalculation of the "offense statutory maximum" during presentence and sentence proceeding. See, Murray v Carrier, 477 US 478, 488 (1986).

The government wrongly claims that the movant has argued the attorney failed to successfully challenge his status as career

offender. Because, the movant does not denied his two priors, the ineffective assistance of the attorney issue is based on the fact that the attorney did not object when the offense statutory maximum was miscalculated. Sentencing Tr. at 4.

Offense Statutory Maximum

The guideline §4B1.1 career offender carries its own offense level. Which is drove by the offense statutory maximum that refers "to the maximum term of imprisonment authorized for the offense of conviction" Application Note 2.

In Apprendi v New Jersey, 530 US 466, 490 (2000) the Supreme Court announced the rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed **statutory maximum** must be submitted to a jury, and proved beyond reasonable doubt." (emphasis added). Thereafter, in Blakely v Washington, (2004) 159 Led2d 403, 413, the Supreme Court defined more precisely the meaning of the term of art **statutory maximum** as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (citations omitted).

Precisely, since the career offender offense level is based on the offense statutory maximum; it must be first evaluated the maximum sentence based on the basis accepted by the movant to be available to establish his statutory maximum.

The government at 1 of its objection alleged that the movant admitted 84.4 grams of crack and 12.2 grams of heroin. Which for purposes of sentencing represents (for the instant offense) guideline level 32 that carries a maximum sentence of 188-month term of incarceration, considering the criminal history category III. So under the statutory maximum as defined by the Supreme Court in Blakely, the movant's statutory maximum is 188-month sentence which under the career offender represents 29 offense level because it is a term of incarceration of 15 years or more, but less than 20 years.

However, in case at hand "the Court f[ou]nd[] that the probation officer has correctly calculated the net offense level 34," Sentencing Tr. at 4. Nonetheless the foregoing miscalculation, since it is obvious the probation officer relied on the 21 USC §841(b)(1)(A)(iii), the counsel did not object on account of the maximum sentence based on the basis accepted by the movant was 188-month sentence. In other words for the instant offense the movant never was liable to life sentence.

Ineffective Assistance of Counsel

In here was unreasonable that the attorney did not object to the miscalculation of the statutory maximum. Since Blakely was decided on June 24, 2004, while the movant pled guilty on June 25, 2004, and was sentenced on November 5, 2004. And Blakely

evolved around the term of art "statutory maximum." as explained above, that by the way even the guideline claims that it is the maximum term of imprisonment authorized by the offense of conviction. Which under the basis accepted by the movant is a 188-month term of imprisonment. It was never a life term of incarceration as claimed by the government at 4 of its objection.

Further, the government has considered to narrow the career offender enhancement. Since it claims that the movant's status as career offender is based solely on the fact of his prior convictions; because the government overlooked that the offense level of the career offender is drove by the "statutory maximum," which, precisely, is the term of art defined by the Supreme Court in Blakely.

As well, the movant has been prejudice to serve more than the required time as career offender.

Consequently, the movant has met the two prongs to evaluate ineffective assistance of counsel under Strickland v Washington, 446 US 668 (1984). In addition, the movant has demonstrated that the statutory maximum established against him is in violation of the Sixth Amendment in light of the movant is liable for more than 50 grams of crack, but less than 150 grams of crack.

Failure to Investigate

The government alleged that the presentence report information, which was available to the Court at sentencing, was enough to represent the effects of childhood abuse and emotional conditions for the Court to fairly evaluate whether it merited to be considered under 5H1.3. However, the presentence report does not fairly represents the psychological effects of movant's childhood abuse and based on that information the Court could not make a fair evaluation of whether the movant's childhood was extraordinary to be considered under 5H1.3. Consequently, it was an ineffective assistance of counsel the lack of investigation for mitigating information.

HECTOR R. MARTINEZ-TORRES #05382-070
P.O. BOX 1000
OTISVILLE, NEW YORK 10963

Service:

A true copy hereof was mailed to the US Attorney's Office at Fleet Center, 50 Kennedy Plaza, Eight Floor, Providence, RI 02903.

HECTOR R. MARTINEZ-TORRES #05382-070