**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HECTOR MARTINEZ-TORRES | |
| v. | C.A. No. 05-108-T |
| UNITED STATES OF AMERICA | |

**MEMORANDUM AND ORDER**

Ernest C. Torres, Senior United States District Judge

Hector Martinez-Torres has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

**Background**

On June 25, 2004, Martinez-Torres pled guilty to all counts of a five-count indictment charging (1) conspiracy to distribute 50 grams or more of cocaine base and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846, which carries a statutory maximum penalty of life imprisonment, and (2) the distribution of smaller quantities of cocaine base and heroin.

The presentence investigative report (PSR) classified Martinez-Torres as a career offender because of two previous drug convictions. Pursuant to § 4B1.1 of the Sentencing Guidelines, this increased his base offense level from 32 to 37, and his Criminal History category from IV to VI. After a three-point reduction for acceptance of responsibility, his total offense level was 34, resulting in a Guideline sentencing range of 262-327 months. At the sentencing hearing on November 5, 2004, this Court

granted a defense motion for a downward departure on the ground that Martinez-Torres' criminal history was overstated. This Court treated Martinez-Torres as having a Criminal History category of level V, which lowered his Guideline range to 235-293 months. Martinez-Torres, then, was sentenced to 235 months imprisonment, the low end of that range. Martinez-Torres did not appeal his sentence or conviction.

In his § 2255 motion, Martinez-Torres claims that his counsel provided ineffective assistance in: (1) failing to object to his classification as a career offender and to the calculation of his career offender Guideline range; (2) failing to object to the assessment of three criminal history points for a prior drug offense; and (3) failing to investigate and present facts concerning Martinez-Torres' psychological history, especially a statement in the PSR that he had never felt suicidal. He further claims that as a result of these errors, his counsel failed to preserve any issue for appeal. ( See Motion to Vacate at ¶12A-D; Hector R. Martinez-Torres' Affidavit ["Pet. Aff."] at 1-2.)

After considering the instant motion, the Government's objection and Martinez-Torres' Traverse ("Reply"), this Court finds that no evidentiary hearing is necessary.[1]

---

[1] A prisoner who invokes § 2255 is not entitled to an evidentiary hearing as a matter of right. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Because the file and the records in this case conclusively establish that the allegations of the motion are without merit, no hearing is required. See United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989).

**Discussion**

I. Ineffective Assistance Principles

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

> (1) that his counsel's performance fell below an objective standard of reasonableness; and
>
> (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F.Supp.2d 276, 279 (D.R.I. 2001)(citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993); see also Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992)(summary dismissal of § 2255 motion is proper where, *inter alia*, grounds for relief are based upon bald assertions).

In assessing the adequacy of counsel's performance, the court looks to prevailing professional norms. A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Ramirez v. United States, 17 F.Supp.2d 63, 66 (D.R.I. 1998)(quoting Scarpa v.

Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688).

II. Calculation of Sentence

A. Career Offender Level

Martinez-Torres argues that under Blakely, and by implication, United States v. Booker, 543 U.S. 220 (2005), the Court lacked authority to classify him as a career offender. However, his reliance on Blakely is misplaced. As both Blakely and Booker make clear, the requirement that factual findings which increase a defendant's sentence must be either admitted or found by a jury beyond a reasonable doubt applies only to facts which would increase the statutory maximum and does not apply to the fact of a prior conviction that merely increases the Guideline range. See Booker, 543 U.S. at 244. Here, Martinez-Torres' prior convictions simply raised his Guideline range to 235-293 months, which was well below the applicable statutory maximum sentence, and therefore, his counsel was not deficient in failing to mount a challenge on this basis.

Martinez-Torres also argues that his base offense level as a career offender should have been 32 rather than 37 because, under Guideline § 4B1.1(b), the offense level is based on the maximum penalty provided for the offense of conviction, which he claims was 293 months, not life. That argument is based on the erroneous premise that the "maximum sentence" referred to in § 4B1.1(b) is this sentence at the top of the applicable Guideline range. In

fact, it is the statutory maximum, which in this case is life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii). Thus, Martinez-Torres' counsel was not ineffective in failing to object to the calculation.

B. Additional Criminal History Points

Martinez-Torres further claims that his counsel was remiss in failing to challenge the assessment of three criminal history points for a past drug offense (see PSR ¶ 27), which raised his criminal history category from category III to category IV. (See Pet. Aff. sec. b), ¶ 2.) The short answer to this claim is that, even if the points had been incorrectly assessed (which they were not), Martinez-Torres' criminal history category was baaed on his career offender status, which under USSG §4B1.1(b), mandated a criminal history category of VI (later reduced to V by the downward departure).

III. Martinez-Torres' Mental State

Martinez-Torres asserts that his counsel was ineffective in failing to present facts regarding the physical and mental abuse that Martinez-Torres suffered as a child (Motion To Vacate ¶ 12C; Petit. Aff. sec. b), ¶ 2.) and in failing to challenge a statement in the PSR (at ¶ 44) indicating that Martinez-Torres had not felt suicidal. (Petit. Aff. sec. a), ¶ 3.)

However, information concerning abuse that Martinez-Torres suffered as a child was contained in the PSR (see PSR ¶ 39), and was not viewed by the Court as warranting a downward departure,

especially since the Guidelines discourage family history as a basis for a downward departure.[2] Nor does Martinez-Torres explain why the statement that he had not felt suicidal was false or how challenging the accuracy of that statement would have affected his sentence.

IV. Failure to Preserve Appeal Issues

Lastly, Martinez-Torres claims that as a result of the errors described in his motion to vacate, his counsel failed to preserve any issues for appeal. (Motion to Vacate at ¶ 12D; Pet. Aff., at 3-4, sec. c).) However, since this Court has determined that counsel was not ineffective, and since Martinez-Torres does not specify any other claims that were not preserved, this claim likewise fails.

**Conclusion**

For all of the foregoing reasons, Martinez-Torres' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED:

Ernest C Torres

Ernest C. Torres
Senior United States District Judge
Date: 10/2/07

[2] Martinez-Torres makes a vague reference to information available from a Dr. Martin (Motion to Vacate, ¶12C), but he does not explain what, if anything, the information would add to the PSR or why it would have changed his sentence.